IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| Paul Leigh Burt, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:12cv328 (TSE/TRJ) |
| | ) |
| Ben Wright, | ) |
| Respondent. | ) |

FILED DEC - 7 2012 CLERK U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Paul Leigh Burt, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his confinement pursuant to the revocation of his probation and imposition of a suspended sentence by the Circuit Court for the City of Hampton, Virginia. Respondent has filed a Motion to Dismiss with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed no reply. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed as time-barred and alternately because the claims are procedurally defaulted.

### I. Background

On September 3, 1986, Burt was convicted of rape and forcible sodomy. On October 10, 1986, he was sentenced to 30 years in prison for the rape and 10 years for the sodomy, with half of each sentence suspended. Burt was released from incarceration on January 23, 2007. Resp. Ex. A.., Pet. for Appeal at 2.

On February 26, 2008, a *capias* was issued for petitioner at his probation officer's behest.

A revocation hearing was convened on May 2, 2008, at which the officer testified that Burt had been charged with violating condition six of his probation, requiring Burt to follow his probation officer's instructions and to be truthful, cooperative, and to report as instructed. Resp. Ex. C, Tr. 5/2/08 at 6. Specifically, Burt had entered the sex offender program at Advanced Therapeutics as a condition of his probation. Id. On the evening of February 19, 2008, after the group was released at 8:00 p.m., petitioner asked the counselor, Ms. Elizabeth Williams, to assist him in placing a telephone call to his mother to pick him up. Petitioner reiterated the request several times, and Williams eventually dialed his mother's number for petitioner and spoke briefly to the mother before handing the phone back to petitioner. Id. at 8. Williams then returned to the room where the group had met and was stacking chairs when petitioner came up behind her, thrust his hand between her legs, and squeezed her buttocks and genital area. Id. Williams turned around, pushed petitioner in the chest, and yelled at him to leave the room, after which she locked the door. Id. When petitioner's mother arrived, Williams advised petitioner and his mother that he needed to contact his probation officer the next day to tell him what had happened. Id. at 9. Based on the incident, petitioner was unsuccessfully discharged from the sex offender treatment program at Advanced Therapeutics. Id.

During the probation officer's cross-examination, he acknowledged that Burt had been diagnosed with schizoaffective disorder. Id. at 11. At that point the hearing was disrupted when petitioner suffered a seizure, and the case was continued until June 2, 2008. Id. at 12 - 13.

At the reconvened hearing, the probation officer's cross-examination continued, and both Burt and his mother testified on his behalf. Burt admitted that he touched counselor Williams in "the wrong place," Resp. Ex. C., Tr. 6/2/08, and stated that although he did not know why he had

2

done so, he was not acting as a sexual predator. Id. at 29. He denied that the counselor hit him, and stated that he left the room when she told him to do so. Id. at 29 - 30. He further testified that the counselor did not seem frightened, did not call the police, and said that she would see him the following week. Id. at 30 -31.

At the conclusion of the hearing, in an Order dated June 2, 2008, the trial court revoked Burt's suspended sentences and imposed the balance of the sentences. Burt appealed that judgment, and the Court of Appeals of Virginia denied his petition for appeal on October 1, 2009, on the holding that Burt "failed to demonstrate that the trial court abused its discretion in revoking the suspended sentences." Burt v. Commonwealth, R. No. 1063-09-1 (Va. Ct. App. Oct. 1, 2009); Resp. Ex. A. A panel of the appellate court declined second-tier review on January 21, 2010. Id. Burt thereafter sought further review by the Supreme Court of Virginia, but his petition was refused on July 22, 2010. Burt v. Commonwealth, R. No. 100236 (Va. July 22, 2010); Resp. Ex. B.

On or about May 18, 2011, Burt filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia,[1] raising the following claims:

> 1. His conviction was unlawful because the witness, counselor Elizabeth Williams, did not appear, and counsel rendered ineffective assistance by failing to subpoena her.
>
> 2. Counsel rendered ineffective assistance by failing to raise objections, refusing to send transcripts to

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Burt's state habeas application was notarized on May 18, 2011, so it is assumed in deference to his pro se status that he placed it in the prison mailing system that same day.

3

petitioner, and failing to call a doctor who could verify petitioner's schizoaffective disorder and explain "mental problems."

3. His guilty plea was coerced.

Following a response by the Commonwealth, the Supreme Court of Virginia entered an Order which determined:

> Finding that the petition for writ of habeas corpus was not timely filed, the Court dismisses said petition in the above-styled case. Code § 8.01-654(A)(2).

Burt v. Warden, Greenville Corr. Ctr., R. No. 111028 (Oct. 18, 2011). Petitioner's subsequent motion to set aside the judgment and to grant a rehearing was denied on January 19, 2012.

Burt then turned to the federal forum and filed the instant petition for § 2254 relief on March 13, 2012, reiterating the claims he raised in his state habeas corpus proceeding, and adding allegations that he received ineffective assistance of counsel on direct appeal. As respondent has filed a Motion to Dismiss and Rule 5 Answer and petitioner has been given an opportunity to respond, the matter is now ripe for review.

## II. The Petition is Time-Barred

Respondent argues correctly that the claims presented in this petition are barred by the statute of limitations. A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In the instant case, the revocation order petitioner challenges was entered on June 2,

4

2008. His petition for review was denied by the Court of Appeals of Virginia on October 1, 2009, and the Supreme Court of Virginia refused his petition for appeal on July 22, 2010. Therefore, the revocation judgment became final on October 20, 2010, the last date he could have petitioned the Supreme Court of the United States for a writ of certiorari.[2]

In calculating the AEDPA limitations period, the Court must exclude the time during which properly-filed state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, the Virginia Supreme Court dismissed Burt's state habeas application on the express ground that it was filed untimely under the applicable provision of the Virginia Code, so the petition was not "properly filed" as that term is defined in Pace, supra. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely). The pendency of the state corpus petition thus did not act to toll the AEDPA limitations period, which accordingly ran unchecked from October 20, 2010, the date the revocation judgment became final, until March 13, 2012, the date this federal petition was filed. As that span exceeded the one-year limitations period by 143 days, this petition is untimely under § 2244(d). Following respondent's invocation of the limitations defense, petitioner filed nothing to attempt to establish that the statute of limitations does not apply or should otherwise

---

[2] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

5

be tolled. Cf. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Accordingly, this petition must be dismissed, as time-barred.

### III. The Claims are Procedurally Defaulted

Even if this petition had been filed timely, the claims still would be procedurally defaulted from federal review. As discussed above, petitioner's state habeas corpus application was dismissed the Supreme Court of Virginia as untimely filed pursuant to Virginia Code § 8.01-654(A)(2). Where a state court has made an express determination of procedural default, the finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Supreme Court of Virginia's finding in this case that Burt's state habeas application was filed untimely constitutes an independent and adequate state ground for denying relief. See O'Dell v. Netherland, 95 F.3d 1214, 1243 (4th Cir. 1996); see also Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006). Therefore, to the extent that Burt reiterates the same claims here that he made in his state habeas application, his claims are procedurally barred from federal consideration.

Burt's present claims of ineffective appellate representation were not raised in any state court proceeding. Because those claims thus were never presented to the Supreme Court of Virginia, and because it is clear that they would be procedurally barred under Virginia law if Burt

now attempted tried to do so,[3] the claims are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). In response to respondent's invocation of the procedural bar defense, petitioner has made no attempt to show cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Cf. Harris, 489 U.S. at 260. Therefore, even had this petition been filed timely, the claims raised are procedurally defaulted from federal consideration on the merits.

## IV. Conclusion

For the foregoing reasons, this petition must be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d), and alternately because the claims are procedurally barred. An appropriate Order shall issue.

Entered this 7th day of December 2012.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

---

[3] Petitioner's ability now to present his first claim to the Supreme Court of Virginia is foreclosed both by Va. Code § 8.01-654(B)(2), which precludes the filing of successive habeas petitions where the underlying facts were known at the time the first such application was filed, and by Va. Code § 8.01-654(A)(2), which sets out a maximum two-year limitations period for the filing of a Virginia habeas corpus application.